UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JORDAN ANDRE MARKELLE ALEXIS, Reg. No. 45258-013, Petitioner, | § § § § § | |
| v. | § § | EP-21-CV-42-FM |
| S. HIJAR, Respondent. | § § § | |

**MEMORANDUM OPINION AND ORDER**

Jordan Andre Markelle Alexis challenges the calculation of his sentence through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 1. He maintains the Bureau of Prisons (BOP) should award him credit for the 18 months he spent in home confinement before he reported to prison. *Id*. at 6–7. He asks the Court to direct the BOP to award him the credit and recalculate his projected release date. His request is denied for the following reasons.

**BACKGROUND**

Alexis is a 26-year-old prisoner at the La Tuna Federal Correctional Institution (FCI La Tuna) in Anthony, Texas.[1]   https://www.bop.gov/inmateloc/ (search for Reg. No. 45258-013) (last visited Mar. 5, 2021). His projected release date is January 19, 2028. *Id.*

In early 2018, Alexis robbed a convenience store and an internet café in Colorado Springs, Colorado. *United States v. Alexis*, 1:18-CR-360-WJM-6 (D. Colo.), Plea Agreement 7-11, ECF No. 254. After his arrest on April 30, 2018, he confessed that he had brandished a firearm at the convenience store and had planned to rob a federal credit union. *Id.* at 10–11.

---

[1] Anthony is located in El Paso County, Texas, which is within the Western District of Texas. 28 U.S.C. § 124(d)(3).

He was placed in home confinement to care for his minor children while he awaited his trial. *Id*., Sentencing Statement 3, ECF No. 368.  He ultimately pleaded guilty, pursuant to a plea agreement, to interfering with commerce by threats or violence, possessing and brandishing a firearm during and in relation to a crime of violence, and attempting a bank robbery.  *Id*., J. Crim. Case, ECF No. 380.  He was sentenced to a total term of 104 months' imprisonment.  *Id.*

Alexis now complains the BOP has not awarded him credit toward his sentence for the 18 months he spent in home confinement before he reported to prison.  Pet'r's Pet. 6–7.  He asks the Court to intervene in his behalf and order the BOP to grant him this credit.  *Id*. at 8.

Alexis failed to pay the $5.00 filing fee for a § 2241 petition.  He was, however, represented by appointed counsel in his criminal case.  He presumably still has limited financial resources.  He will, as a result, be permitted to proceed without prepaying costs or fees.

## APPLICABLE LAW

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  *Reyes-Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).  However, "[h]abeas corpus relief is extraordinary and 'is reserved for transgressions of constitutional rights and for a narrow range of injuries that . . . if condoned, result in a complete miscarriage of justice.'"  *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)).  As a result, a petitioner is entitled to § 2241 relief only to remedy a restraint of liberty in violation of the constitution, treaties, or laws of the United States.  *United States v. Hayman*, 342 U.S. 205, 211–12 & n.11 (1952).

During its initial screening of a § 2241 petition, a reviewing court accepts a petitioner's

allegations as true. 28 U.S.C. § 2243; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). It also evaluates a petition presented by *pro se* petitioner under more a lenient standard than it applies to a petition submitted by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But it must still find "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 556. It must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)), 28 U.S.C. foll. § 2254.

## ANALYSIS

### A. Exhaustion

Alexis indicates he did not exhaust all available administrative remedies through the BOPs multi-tiered review process. Pet'r's Pet. 8.

A petitioner seeking habeas relief must first exhaust all administrative remedies which might provide appropriate relief before seeking judicial review. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam); *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller*, 11 F.3d at 62 (internal citations omitted). Exceptions may be made only in "extraordinary circumstances," and the petitioner bears the burden of demonstrating the futility of administrative review. *Id.*

If Alexis has meritorious claims, there is nothing to suggest that the BOP would not afford him relief through its administrative review process. And if the BOP made an error

concerning his requests for time-credit, he should give the BOP the opportunity to correct those errors before seeking judicial intervention. *See Alexis v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991) (suggesting an agency should be given opportunity to correct its own error before an aggrieved party seeks judicial intervention). Indeed, an attempt by Alexis to exhaust through the BOP administrative review process would clearly *not* be a patently futile course of action. *See Overshown v. Upton*, 466 F. App'x 361 (5th Cir. 2012) (citing *United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992) ("If a prisoner feels he has been improperly refused credit for time he has served in state custody, the prisoner must first exhaust his administrative remedies with the BOP before pursuing judicial review of the BOP's computations."); *Garza v. Davis*, 596 F.3d 1198, 1204 (10th Cir. 2010) ("BOP memoranda issued on April 14, 2008 and November 14, 2008 demonstrate [the] BOP recognizes its authority to place inmates in RRCs . . . for periods of time exceeding six months and do not reflect any policy of categorical denial.") (quotations and citations omitted). While "[i]t is true that exhaustion . . . takes time, . . . there is no reason to assume that . . . prison administrators . . . will not act expeditiously." *Preiser v. Rodriguez*, 411 U.S. 475, 494–95 (1973).

Consequently, the Court finds Alexis has not exhausted—and dismissal of his claim is warranted on that basis alone. *See Rivkin v. Tamez*, 351 F. App'x 876, 877–78 (5th Cir. 2009) (per curiam) (affirming dismissal of prisoner's § 2241 petition for failure to exhaust administrative remedies). But even if Alexis had properly exhausted, the Court would still not grant him § 2241 relief.

### B. Credit for Home Confinement

Alexis asks the Court to order the BOP to award him additional credit for the time he spent in home confinement before he reported to prison. Pet'r's Pet. 8.

"After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *See United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed")); *see also* 28 C.F.R. § 0.96 ("The Director of the Bureau of Prisons is authorized to exercise or perform any of the authority, functions, or duties conferred or imposed upon the Attorney General by any law relating to the commitment, control, or treatment of persons (including insane prisoners and juvenile delinquents) charged with or convicted of offenses against the United States."). Thus, the Bureau of Prisons—not the judiciary—is responsible for implementing the statutes concerning the computation of a federal sentence.

A federal sentence does not commence, according to 18 U.S.C. § 3585(a), until the BOP receives the defendant into its custody to serve the sentence:

> **(a) Commencement of sentence.** -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a). The BOP may grant credit, according to 18 U.S.C. § 3585(b), against a federal sentence for time spent in pretrial custody if the time is not credited against another sentence:

> **(b) Credit for prior custody.** -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent *in official detention* prior to the date the sentence commences –
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(b) (emphasis added). As a result, the BOP may only grant credit for pre-sentence custody if the inmate is "in official detention." *Id*. According to the Supreme Court, "a defendant suffers 'detention' only when committed to the custody of the Attorney General; a defendant admitted to bail on restrictive conditions . . . is 'released.' " *Reno v. Koray*, 515 U.S. 50, 57 (1995). Moreover, giving up the opportunity to receive credit for a period of pretrial confinement by "electing bail conditioned on home confinement . . . is too insubstantial to be regarded as a liberty interest protected by the Due Process Clause." *Cucciniello v. Keller*, 137 F.3d 721, 724 (2d Cir. 1998). Consequently, the law of the United States—specifically § 3585(b)—requires the BOP to deny credit for time spent in home confinement because the Supreme Court has determined this time does not constitute time spent in "official detention." *Koray*, 515 U.S. at 56–61; *see also Rodriguez v. Lamer*, 60 F.3d 745, 747–48 (11th Cir. 1995) ("[T]he time Mr. Rodriguez spent under restrictive pre-trial release conditions does not constitute 'official detention' within the meaning of 18 U.S.C. § 3585(b) and he is not entitled to sentencing credit.").

During the 18 months that Alexis was in home confinement, he was not in official detention. Thus, he "was not statutorily eligible for credit for the time he spent in home confinement." *Paul v. Bragg*, 454 F. App'x 380, 381 (5th Cir. 2011). And because granting Alexis' request for pre-sentence custody credit for the time he spent in home confinement was foreclosed by Supreme Court precedent, the BOP did not err when it denied Alexis credit for his home confinement. *Koray*, 515 U.S. at 56–61.

## CONCLUSIONS AND ORDERS

The Court concludes that Alexis has not administratively exhausted his claim. The

Court additionally concludes that Alexis has not meet his burden of showing that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). Hence, the Court also concludes it plainly appears from Alexis' petition that he is not entitled to § 2241 relief. The Court, therefore, enters the following orders:

**IT IS ORDERED** that Alexis is **GRANTED** leave to proceed without prepaying costs or fees.

**IT IS FURTHER ORDERED** that Alexis' *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) and his civil cause are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED** as moot.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SIGNED** this _8th_ day of March 2021.

**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**